UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

NAKIA HOLLIS, as Special Administrator of the ESTATE OF DIJON M. MARKS-HOLLIS, DIJON M. MARKS-HOLLIS, victim, and LM, dob July 2, 2020 and CC, dob March 23, 2020, minor children of the Decedent,

    Plaintiffs,

v.

CITY OF MILWAUKEE,
CITY OF MILWAUKEE POLICE
OFFICER BRANDON RUTHERFORD,
and SARGEANT T. LITTLE,

    Defendants.

**AMENDED FEDERAL CIVIL COMPLAINT**

Civil Case No. 23-CV-413

---

NOW COMES Plaintiff NAKIA HOLLIS, DIJON M. MARKS-HOLLIS, and his Estate, as well as NAKIA HOLLIS, next of friend of LM and CC, minor children of the Decedent, by her authorized attorney, Walter W. Stern, and for a Complaint against the above-named Defendants, alleges and shows to the Court, as follows:

### I. INTRODUCTION

1. This is a civil rights action under 42 U.S.C. § 1983, the Americans with Disabilities Act, and Wisconsin law, challenging the willful indifference to provide adequate supervisory services to Dijon M. Marks-Hollis, a 24-year old mentally ill man who died at his residence on March 29, 2020, as a result of a suicide attempt at the City of Milwaukee Jail (hereinafter "Facility") on November 8, 2019 which left him severely brain damaged.

**2.** The Plaintiffs bring this action to hold Defendants accountable for not attending to Dijon Marks-Hollis's mental health in violation of the 4th and 14th Amendment to the United States Constitution and the Americans with Disabilities Act and each of the Plaintiffs seek compensatory damages for loss of companionship and society based upon Dijon Marks-Hollis's death, as well as punitive damages for the cruel and unusual punishment inflicted on Dijon Marks-Hollis as a result of the Defendants' deliberate indifference to his mental health and medical needs.

1

## II. JURISDICTION AND VENUE

3. That the jurisdiction of this Court is invoked in accordance with Title 28 USC §1331 and Title 28 USC § 1343, alleging a violation under Title 42 USC § 1983, commonly known as the Civil Rights Act, this being a suit in law or equity, authorized by law to be brought to provide a remedy with respect to the deprivation, under the color of state law, statutes, regulations, and customs of the State of Wisconsin, of the rights, privileges and immunities secured by the federal law in the Constitution of the United States, particularly the 4th and 14th Amendments.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the conduct giving rise to Plaintiffs' claims occurred in this judicial district.

## III. PARTIES

A. <u>Plaintiffs</u>

5. Plaintiff Nakia Hollis is the Special Administrator of the Estate of Dijon Marks-Hollis She is a citizen of the United States, resident of the State of Wisconsin, and is the mother of the Decedent. She is also next of friend for LM, dob July 2, 2020 and CC, dob March 23, 2020, the minor children of Plaintiff Dijon Marks-Hollis, who were both born after his death.

6. At all times material hereto, Plaintiff Dijon Marks-Hollis was an inmate at the holding cell block at Division 7 of the City of Milwaukee Police Department and was entitled to due process accorded to all residents of Milwaukee County, the State of Wisconsin, and citizens of the United States, pursuant to the Constitution of the United States of America.

7. The Plaintiff seeks damages for both compensatory and punitive damages due to the willful indifference of employees of the City of Milwaukee Police Department.

B. <u>Defendants</u>

8. Defendant City of Milwaukee (hereinafter "City") is a municipal corporation, organized under the laws of the State of Wisconsin. City of Milwaukee is a "person" for purposes of 42 U.S.C. § 1983 and a "public entity" under 42 U.S.C. § 12131(1). The City of

2

Milwaukee owns and operates the Milwaukee Jail; the City is responsible for training, supervising, and disciplining jail employees; adopting, implementing, and enforcing jail policies and practices; and ensuring that jail conditions and the treatment of inmates complies with the United States Constitution and other federal, state, and local laws. The City is liable for the jail policies, practices, and customs that caused the harm alleged below.

9. Defendant Brandon Rutherford (hereinafter "Rutherford") is a citizen residing in the State of Wisconsin. Defendant Rutherford was an employee of the City of Milwaukee during the relevant time period. In that role, upon information and belief, he was the jailer on duty at the time of Dijon Marks-Hollis' suicide attempt and had a duty to ensure that the conditions and the treatment of inmates complied with the United States Constitution and other federal, state, and local laws, as well as written Facility policies.

10. Defendant Sargeant T. Little (hereinafter "Sgt. Little") is a citizen residing in the State of Wisconsin. Defendant Little was an employee of the City of Milwaukee during the relevant time period. In that role, upon information and belief, he was the Sargeant on duty at Division 7 at the time of Dijon Marks-Hollis' suicide attempt and had a duty to ensure that the conditions and the treatment of inmates complied with the United States Constitution and other federal, state, and local laws, as well as written Facility policies.

11. All individual City defendants named above were acting under color of state law during the relevant time period and are sued in their individual capacities.

12. Each and every Defendant named herein, had a specific and well-defined duty to see that inmates were provided medical care and/or that medical conditions of inmates affecting said inmate's life, health, safety and security, were treated, and that during the course of their said employments, they should not be deliberately indifferent to said inmate's medical needs pursuant to the Due Process Clause of the 14th Amendment to the United States Constitution.

13. That each and every Defendant herein named had a duty to provide adequate mental healthcare to the Plaintiff, at all times relevant, pursuant to state laws and/or to see that said Plaintiff Dijon Marks-Hollis received sufficient mental health care and/or medication to treat

his mental conditions after being arrested and placed in the Milwaukee Jail and to act without deliberate indifference to the needs of inmates housed within the Milwaukee Jail, needing medication or other healthcare for mental and/or physical conditions known to them in their individual capacities under color of state law.

14. That the Constitutional duties to provide adequate healthcare for physical and medical conditions arises from the Due Process Clause of the 14th Amendment to the United States Constitution, that, at all times pertinent, applied to inmate detainees; and the 14th Amendment to the United States Constitution, that bans cruel and unusual punishment and to avoid deliberate indifference to provide adequate mental health care resulting in injury to an inmate is a violation of the above standards specified in the United States Constitution.

### IV. FACTUAL ALLEGATIONS

15. On November 7, 2019 at 5:55 p.m., City of Milwaukee Police Department officers Andrew Langer and Peter Hauser arrested Dijon Marks-Hollis on charges of drug possession after a traffic stop for purportedly running a stop sign. As a result of said arrest, he was placed in the Facility and held there in a cell within District 7.

16. The City of Milwaukee police officers were made aware of Dijon Marks-Hollis' mental health issues and the potential for a suicide attempt by his mother, Plaintiff Nakia Hollis, who traveled to the Jail after learning of her son's arrest. In addition to Nakia Hollis, Dijon Marks-Hollis's two sisters, a granddaughter and Nakia Hollis's sister also went to the Division 7 station to try to ascertain the circumstances behind his arrest.

17. While at Division 7, Nakia Hollis first spoke with the two arresting officers, Officer Peter Hauser and Officer Andrew Langer. They were extremely disparaging to Ms. Hollis, saying things like "you know what your son is" and "your son is a fucking drug dealer" when she inquired as to why Dijon was arrested. Due to this unprofessional conduct, Ms. Hollis asked to speak to a supervisor.

18. It was at that time that she spoke with Defendant Sgt. Little. She explained that she was extremely concerned about her son's mental health and pleaded with him to check on

Dijon to ascertain that he was okay.

19. Nakia Hollis made it very clear to Sgt. Little that Dijon Marks-Hollis was experiencing a mental health crisis as a result of his arrest. She specifically told him that her son had told her he "did not want to be around anymore." She implored him numerous times for the approximately 45 minutes that she was at Division 7 to check on her son.

20. Sargeant Little wholly ignored Nakia Hollis's pleadings and, with deliberate indifference to the welfare of Dijon Marks-Hollis, never checked on his mental health and, in fact, did not see him until he after he was unresponsive after attempted to hang himself in his cell.

21. Despite the knowledge of Dijon Marks-Hollis' mental health crisis and suicidal ideation, Sgt. Little did not advise Defendant Rutherford of this information.

22. The Milwaukee Police Department Standard Operating Procedure, 00-Prisoners and Booking, 090.45 BOOKER'S RESPONSIBILITY, G. CELL BLOCK CHECKS states "3. Bookers shall conduct a visual cell block check at staggered and random intervals, not to exceed 15 minutes, a minimum of four times an hour and shall log the information on the *Daily Cell Block Check – Adults* (form PD-4A)."

23. Defendant Rutherford, in violation of said Procedure, did not perform the requisite 15-minute check to monitor Dijon Marks-Hollis in a timely manner, as required.

24. Defendant Rutherford allowed 25 minutes to elapse from his 8:13 p.m. check until 8:38 p.m. when he found Dijon Marks-Hollis unresponsive in his cell due to his hanging himself by tying his socks together.

25. Defendant Rutherford admits that he went to an office to sign subpoenas and discuss the Marks case with several other officers when he realized he was late in his cell block check.

26.     After Dijon Marks-Hollis attempted suicide while in custody, he received medical treatment on-scene at Division 7 and was subsequently transported to St. Joseph's Hospital for medical treatment.  He sustained severe brain damage, resulting in him being placed on a ventilator and he remained under hospital supervision until March 27, 2020.

27.     On March 27, 2020, Dijon Marks-Hollis was released from St. Joseph's Hospital to his mother's care despite his severe brain damage due to the hospital's COVID concerns and the need for ventilators.

28.     On March 29, 2020, Dijon Marks-Hollis stopped breathing at his home.  He was taken to St. Joseph's Hospital where he was pronounced dead on March 30, 2020 at 12:08 a.m.  The autopsy determined his death was due to anoxic encephalopathy as a result of his attempted suicide by hanging at the City of Milwaukee Jail on November 7, 2019.  A copy of said autopsy is attached hereto and made a part hereof and marked as **Exhibit "A."**

29.     That Defendant City of Milwaukee had an official policy, custom, and procedure of not providing adequate medical care for inmates, suffering mental and physical disorders, for failing to provide adequate funding to train said Defendant Jailers in the proper method of handling health and medical concerns.  That the policy, custom and usage of the City of Milwaukee, through its officers and agents, imposes liability on said City for violations of the Due Process Clause of the 14th Amendments to the United States Constitution.

30.     Upon information and belief, Defendants violated jail policy and minimal constitutional and correctional standards by not performing the requisite rounds of 4 checks per hour, to wit: every 15 minutes, to monitor Dijon Marks-Hollis to ensure his health while incarcerated.

31.     Defendant City of Milwaukee failed to adequately train and/or supervise its personnel on complying with constitutional requirements pertaining to inmate mental health care and humane conditions of confinement, as well as the proper way to monitor inmates who are having a mental health crisis.  The City failed to provide training on managing, monitoring,

and responding to detainees in mental health crisis or how to deal with suicide risks beyond whatever is taught at the Police Academy.

32. The City also fails to provide a professional evaluation of an inmate's suicide risk or mental health issues prior to an arrested person being placed in lockup. The lack of mental health professionals available to inmates was a proximate cause of Dijon Marks-Hollis's suicide attempt.

33. There is an affirmative causal link between the policies, practices, and customs described in this complaint and Dijon Marks-Hollis' suffering and ultimate suicide. That, as a proximate cause of the Defendants' acts of deliberate indifference and misconduct, jointly and severally, Dijon Marks-Hollis suffered pain and suffering, anxiety, depression, and, eventually, attempted to take his own life.

34. The actions and inactions of the City of Milwaukee and its employees at the Facility were committed under color of state law and were the direct and proximate cause of Dijon Marks-Hollis' damages, including his pre-death pain and suffering and his eventual death from his suicide attempt.

## V. CLAIMS FOR RELIEF

35. The conditions under which Dijon Marks-Hollis' care was in violation of his rights under the 14th Amendment and the Due Process Clause of the 14th Amendment to the United States Constitution, and the Americans with Disabilities Act.

36. Based on the allegations in this complaint, all individual defendants are liable under 42 U.S.C. § 1983 for violating Dijon Marks-Hollis' Due Process rights set forth in the 14th Amendment to the United States Constitution, and that said violations did, in fact, cause pain and suffering and wrongful death justifying an award of compensatory damages. Each defendant acted objectively unreasonably, with a lack of professional judgment, and with deliberate indifference to Dijon Marks-Hollis' serious mental health needs. Each defendant was aware of the foreseeable risks associated with his or her actions and inactions, which resulted in Dijon Marks-Hollis' eventual wrongful death.

37. Based on the allegations in this complaint, the City of Milwaukee is liable under 42 U.S.C. § 1983 for maintaining unconstitutional policies, practices, and customs that resulted in the violation of Dijon Marks-Hollis' clearly established 4th Amendment rights and his rights under the Due Process Clause of the 14th Amendment to adequate mental health care and to the minimal civilized measure of life's necessities.

38. The City of Milwaukee violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., by not attending to Dijon Marks-Hollis' mental health issues, thereby intentionally discriminating against him on account of his mental disability. These violations, which the County committed with discriminatory animus and/or deliberate indifference, contributed to Dijon Marks-Hollis' death, as well as needless pain and suffering, including emotional harm, preceding his death.

39. That the Defendants, jointly and severally, are liable for compensatory damages as a result of the Dijon Marks-Hollis' death sustained as a result of said Defendants' violation of his Constitutional rights herein, in an amount to be determined by a jury.

40. That the individual Defendants' conduct, jointly and severally, were committed with malice and/or reckless, deliberate indifference, justifying an award of punitive damages in an unspecified amount, with the exception of the City of Milwaukee, who is not liable for punitive damages.

## VI. JURY DEMAND

41. The Plaintiffs demand a trial by jury.

## VII. REQUEST FOR RELIEF

Plaintiffs ask the Court for an award of the following relief:

A. All available compensatory damages, including loss of companionship and society for the two minor children, based upon Dijon Marks-Hollis' death;
B. Punitive damages against all individual defendants;

C. Attorneys' fees and litigation costs pursuant to 42 U.S.C. 1988; and

D. Any other relief that the Court deems just and equitable.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

Dated this 22nd day of January, 2024

By: *electronically signed by Walter W. Stern III*
Attorney Walter W. Stern III
Attorney for Plaintiff
Bar No. 1014060
920 85th St., Suite 123
Kenosha WI 53143
**Phone:** (262) 880-0192
**Fax:** (262) 997-1101
**Email:** wwstern111@gmail.com